**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| GERARDO VAZQUEZ RODRIGUEZ,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. C26-168-LTS-MAR<br><br>**ORDER** |

This case is before me on a motion (Doc. 15) by the respondents (collectively, the Government) to strike or recast the petition (Doc. 1) for habeas corpus filed by petitioner Gerardo Vazquez Rodriguez. At the time, Vazquez Rodriguez's counsel, Emily S. Rebelskey, had not been admitted to practice before this court but nonetheless filed the petition without the signature of qualified counsel in violation of the Local Rules. *See* LR 83(d)(4). Rebelskey has since cured the issue by filing an amended petition (Doc. 19),[1] but another issue remains.

In its motion, the Government notes that the petition names a government attorney, Joshua Sleper, as a respondent. The petition named Sleper because he purportedly "advises rank-and-file [Immigration and Customs Enforcement (ICE)] agents within Omaha's jurisdiction." Doc. 1 at ¶ 13. His inclusion as a respondent follows from the

[1] Despite having well-documented difficulties understanding or complying with this court's rules, Rebelskey accuses the Government of "wast[ing] five minutes of [her] time, an unknown amount of the Court's time, and—so far—31 full days of Mr. Vazquez' time, all without any reasonable explanation as to why Mr. Vazquez was detained in the first place." Doc. 16. The Government had every right to voice its problems with the filing for the reasons it provided. Given that Rebelskey is new to practicing in this district, I take this moment to inform her that I expect collegiality and professionalism from all counsel. Her aggressive posturing and gratuitous comments throughout her filings, along with her violations of this court's rules, are not advancing her stated goal of obtaining her client's release as quickly as possible.

theory that he "deserves some accountability" and has failed to "uphold the oath [he] swore to the United States Constitution" or "maintain at least *de minimis* competence regarding the Constitution's requirements." *Id.* at ¶¶ 13, 34. Moreover, and absurdly, the petition requests that the court order that Sleper "within the next 14 days, read each of the Northern District of Iowa's immigration detention habeas corpus decisions published between August 1, 2025 and July 8, 2026 and file a notarized affidavit with the Court confirming under penalty of perjury that he has done so." *Id.* at 12. The Government raises concern about the propriety of naming Sleper in Vazquez Rodriguez's petition. Doc. 15 at ¶ 8 (citing Fed. R. Civ. P. 11(b)).

Vazquez Rodriguez has filed a response (Doc. 25-1), in part explaining why the warden of the county jail where he is detained is not named as a respondent[2] and in part justifying why Sleper is named. I do not take the Government's initial brief to quibble with whether the local warden must be a respondent, so my focus is solely on Sleper's place in this proceeding. To that end, I find that Sleper's inclusion as a respondent is frivolous. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (second alteration in original) (quoting 28 U.S.C. § 2242). That custodian is who has "the ability to produce the prisoner's body before the habeas court." *Id.* at 435. Whoever that person is, it is emphatically not a government attorney advising other employees on detention issues.

To drive home the disconnect, Rebelskey's justification for naming Sleper is to require he "read each of the Northern District of Iowa's immigration detention habeas corpus decisions between August 1, 2025 and July 8, 2026." Doc. 19 at 12. In other words, the goal of naming Sleper is not to secure Vazquez Rodriguez's release, but for

---

[2] In oxymoronic fashion, the response states that Vazquez Rodriguez is held in the Linn County Jail but his custodian is "shrouded in mystery." Doc. 25-1 at 21. To be fair, the statement appears partially predicated on the idea that ICE holds legal control over Vazquez Rodriguez, but such a theory "only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 439.

the "limited" purpose of ensuring "that the people who are statutorily obligated to advise ICE on custody matters are aware of the relevant caselaw." Doc. 25-1 at 19. Such a request falls far outside the purpose of the writ of habeas corpus and does nothing more than create a time-wasting distraction that does not serve the interests of Rebelskey's client.

For the reasons set forth herein, the Government's motion (Doc. 15) is **granted** to the extent that it requests Sleper's dismissal from this case. As such:

1. Joshua Sleper is hereby **dismissed** as a respondent.

2. The Government shall respond to the merits of petitioner Gerardo Vazquez Rodriguez's amended petition (Doc. 19) no later than **seven (7) days** from the date of this order.

3. Vazquez Rodriguez may file a reply to the Government's response no later than **seven (7) days** after the response is filed.

**IT IS SO ORDERED** this 17th day of August, 2026.

Leonard T. Strand
United States District Judge