**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| GERARDO VAZQUEZ RODRIGUEZ,<br><br>Petitioner,<br><br>vs.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No. C26-168-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This case is before me on petitioner Gerardo Vazquez Rodriguez's second amended petition (Doc. 32) for a writ of habeas corpus under 28 U.S.C. § 2241 and motion for a temporary restraining order (Doc. 3). Vazquez Rodriguez is an alien being held in custody without a bond hearing as his removal proceedings are ongoing. He challenges his detention on due process grounds. In an initial review order (Doc. 9), I directed respondents (collectively, the Government)[1] to respond, which they have done (Doc. 35). Vazquez Rodriguez has filed a reply (Doc. 39). Oral argument is not necessary. *See* LR 7(c).

## *II. BACKGROUND*

Vazquez Rodriguez is a Mexican national who alleges that he fled to the United States to escape the torture and death threats that he experienced at the hands of a Mexican cartel. *See* Doc. 32; *see also* Doc. 8-5. In 2021, he unsuccessfully attempted to enter the United States four times by presenting different fraudulent documents each time.

---

[1] Although the Government's response was filed on behalf of the federal respondents and not the state employees (Doc. 35 at 1 n.1), this order will apply to all respondents with equal force.

Doc. 38-1 at ¶¶ 12–15. On the last occasion, Vazquez Rodriguez showed Customs and Border Patrol agents an altered United States Naturalization Certificate under the name Roberto Carlos Suarez Hernandez and false A# before he was expelled. *Id.* at ¶ 15.

In October 2024, Vazquez Rodriguez was caught and arrested by border patrol while entering the United States. *Id.* at ¶ 16. Though it appears all other information was correct, immigration officials processed him under the false A# from his last 2021 attempt to enter the United States. *See* Docs. 8-2, 38-4. Vazquez Rodriguez was then referred to for a credible fear interview and the asylum officer found that he presented a credible fear of torture. *See* Doc. 8-4. Expedited removal proceedings were thus cancelled and Vazquez Rodriguez was issued a Notice to Appear for removal proceedings under 8 U.S.C. § 1229a. Doc. 8-2.

After reviewing Vazquez Rodriguez's circumstances to find that he presented "neither a security risk nor a risk of absconding," and that his release was justified "for 'urgent humanitarian reasons' or 'significant public benefit,'" 8 C.F.R. § 212.5(b) (2026); *see also* 8 U.S.C. § 1182(d)(5)(A), immigration officials released Vazquez Rodriguez on his own recognizance from October 2024 to December 2024. Doc. 8-1. The record does not suggest that the Department of Homeland Security (DHS) extended his parole past December 2024. However, Vazquez Rodriguez remained free with regular check-ins with Immigration and Customs Enforcement (ICE). *See* Doc. 32 at ¶ 2. Vazquez Rodriguez also filed an Application for Asylum and for Withholding of Removal (Form I-589), through which he received employment authorization through July 2027. Doc. 8-3; *see also* Doc. 32 at ¶ 1. There is no suggestion that Vazquez Rodriguez failed to comply with the terms of his release while he was free.

When Vazquez Rodriguez arrived at his check-in with ICE in July 2026, immigration officials realized that he was associated with an incorrect A#. Doc. 8-6 at 3. Officials issued Vazquez Rodriguez a new Notice to Appear and took him into custody. Docs. 8-7, 8-8. He then filed the current habeas petition.

## *III. STANDARD OF REVIEW*

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, the petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

## *IV. ANALYSIS*

The parties agree that Vazquez Rodriguez's detention is statutorily required under Eighth Circuit precedent. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); 8 U.S.C. § 1225(b)(2). However, he may challenge his detention on constitutional due process grounds, as he does here. *Id.* at 1140 & n.8 (Erickson, J., dissenting). Due process requires that the Government provide individuals with satisfactory procedures and reasoning before it deprives them of life, liberty or property. U.S. Const. amend. V. Aliens facing removal proceedings have due process rights. *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100–01 (1903). There is no doubt that Vazquez Rodriguez's civil detention implicates his liberty interest as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *accord Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The parties' disagreement is whether the liberty interest requires that Vazquez Rodriguez receive a bond hearing.

I have recognized in past decisions that the Government can confer "a greater liberty interest" onto aliens it has released on parole and allowed to remain free despite that parole expiring. *See, e.g.*, *Villegas Salazar v. Sheriff of Linn County*, No. 26-cv-98, 2026 WL 1651508, at *4 (N.D. Iowa June 8, 2026). Because that is the case here, I will grant Vazquez Rodriguez's habeas petition. That leaves the proper remedy: a bond hearing or immediate release. Under these facts, I find that a bond hearing is the appropriate form of relief. It appears that immigration officials learned of Vazquez

Rodriguez's 2021 attempts to enter the United States only after discovering they had processed him under the incorrect A#. *See* Doc. 8-6 at 3. While that new information may not change the Government's assessment of Vazquez Rodriguez's risk of absconding or endangering the community, especially considering his history since entering the United States, that is for the Government to decide.

## *V. CONCLUSION*

For the reasons set forth herein:

1. Petitioner Vazquez Rodriguez's second amended petition (Doc. 32) for a writ of habeas corpus under 28 U.S.C. § 2241 is **granted**.

2. Respondents are **ordered** to provide Vazquez Rodriguez with a bond hearing within **14 days** of this order, at which they will have the burden of proving by clear and convincing evidence that his continued detention is justified. If respondents do not provide the ordered hearing within 14 days, then Vazquez Rodriguez must be released from detention under the same conditions he was under immediately before his July 2026 detention.

3. Vazquez Rodriguez's motion (Doc. 3) for a temporary restraining order is **denied as moot**.

**IT IS SO ORDERED** this 2nd day of September, 2026.

Leonard T. Strand
United States District Judge